**IN THE COURT OF APPEALS OF IOWA**

No. 25-0479
Filed June 18, 2025

**IN THE INTEREST OF C.W.,**
**Minor Child,**

**P.A., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Joan M. Black, Judge.

A father appeals termination of his parental rights. **AFFIRMED.**

Michelle M. Jay of Bray & Klockau, P.L.C., Iowa City, for appellant father.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Sara E. Strain Linder, Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

The father appeals termination of his parental rights to a child born in 2024. The mother's rights are not at issue. For the reasons that follow, we affirm.

**Background Facts and Proceedings.** The child was born premature with some medical challenges and remained in the hospital for treatment after birth. This family came to the attention of the Iowa Department of Health and Human Services (HHS) a few months later based on concerns about the mother's mental health. We do not dwell on the mother's issues given that she does not appeal, but suffice to say that she attempted suicide, had severe mental-health issues, and has been unable to care for the child for the life of the case. The child was removed after the mother's suicide attempt and later adjudicated to be in need of assistance.

Like the mother, the father has a history of mental-health issues, including at least two hospitalizations. He identified diagnoses related to depression and a learning disability. Despite this, he told the HHS worker he does not need mental-health therapy. He also reported a series of medical problems—ranging from strokes, to high blood pressure, to digestive problems, to bronchitis—and was in and out of the hospital from November 2024 to January 2025. He admitted using marijuana, methamphetamine, crack cocaine, and alcohol in the past. The father has a lengthy criminal history, including two convictions for domestic abuse assault, more than a dozen theft convictions, at least seven driving-while-barred convictions, probation violations, possession of a controlled substance, and violating a no-contact order. And he failed to appear for enough court dates that at least one bench warrant was issued. He was unemployed as of trial and reported five children from a prior relationship, none of which were in his care.

The juvenile court found that neither parent made meaningful progress toward reunification. The guardian ad litem (GAL) agreed. And the HHS worker similarly opined, "Overall, this case has made little to no progress since removal." In the lead-up to trial, the father's home life, housing, and physical and mental health all the remained unstable. He did not complete a substance-abuse evaluation and was "very inconsistent" with drug testing. He attended only nineteen out of twenty-nine visits with the child and required prompting on basics like how to make a bottle. He never progressed past fully supervised visits and even those involved some inappropriate behaviors and him becoming "argumentative" or uncooperative with HHS. To the best of the HHS worker's recollection, the father never attended any of the child's medical appointments.

The juvenile court found the child was "receiving excellent care in his foster home placement." Despite developmental challenges and ongoing medical needs, he was a "smiley, giggly baby boy." And he is adoptable.

The county attorney, HHS, and the GAL all recommended termination of parental rights. The court granted the petition, relying on Iowa Code section 232.116(1)(h) (2025). The father appeals, and we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). He challenges the statutory elements, best interests, and whether he should have been afforded additional time.

**Statutory Elements.** The father's appellate challenge on the statutory elements is a bit vague. Our best understanding of his petition on appeal is that he challenges the fourth of element paragraph (h), concerning whether the child could safely be returned to his custody as of trial. *See* Iowa Code § 232.116(1)(h)(4); *In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018). We find this

element proven by clear and convincing evidence. As of termination, the father's visits remained fully supervised. *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) (noting the parent "never progressed beyond fully-supervised visits, which also prevented an immediate return of custody"). Like the juvenile court, we give significant weight to what it described as "a thorough and thoughtful report" from the GAL. We agree with that review. And we agree with the GAL's observation that, because these "parents cannot meet their own needs, they are unable to meet the needs of a one-year-old child who is totally dependent on his caretakers." The record proves the father cannot adequately care for this child with heightened medical needs. The father's failure to progress, coupled with his longstanding mental- and physical-health challenges, unresolved substance-abuse issues and irregular testing, unstable housing, and tepid commitment to reunification all support that the child could not be safely returned to his custody as of trial.

**Best Interests.**[1] Next, the father asserts termination is not in the child's best interests. In making this determination, we give primary weight "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). In our review of the record, we agree with the juvenile court that termination is in the child's best interests: the child is doing well in foster care, the father has made little to no progress toward reunification, the

---

[1] The State contests error preservation, but a majority of our court recently held parents are not required to preserve best-interests challenges. *See In re J.R.*, __ N.W.3d ___, ___, 2025 WL 52738, at *2 (Iowa Ct. App. 2025) (en banc).

father and child both have heightened medical needs, and the child deserves permanency. "[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

**Additional Time.** The father also urges the juvenile court should have afforded him an additional six months to work toward reunification. "[T]he juvenile court may deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'" *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021) (quoting Iowa Code § 232.104(2)(b)). And the parent bears the burden to make that showing. *Id.* at 322–24. The father did not carry his burden here. We agree with the juvenile court and the HHS worker that the father made little to no progress over the life of the case and there is no reason to think that the need for removal would be resolved within six months. As our court has observed before, "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) (citation omitted). And we agree with the GAL's observation that this child, "like all children, needs permanency, and given his young age he needs it sooner rather than later."

**AFFIRMED.**